UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS SEBASTIAN ZAPATA RIVERA,<br><br>           Plaintiff,<br><br>v.<br><br>UNKNOWN FEDERAL AGENT JOHN DOE,<br><br>           Defendant. | C.A. No. 25-13850-MRG |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
LIMITED EARLY DISCOVERY TO IDENTIFY DEFENDANT JOHN DOE
AND INCORPORATED MEMORANDUM OF LAW**

The complaint alleges that a U.S. Immigration and Customs Enforcement ("ICE") agent strangled Plaintiff Carlos Zapata Rivera unconscious while arresting him, resulting in serious harms to Carlos. During and after the encounter, the agent took affirmative steps to conceal his identity. The agent wore a face covering. He did not wear a uniform. He did not wear a name tag on his body armor or other equipment. The agency's written arrest narrative—which the agent appears to have approved—largely refers to the agents involved by their initials. Accordingly, the complaint identifies the agent as defendant John Doe.

Undersigned counsel have undertaken a diligent investigation and have developed certain information suggestive of defendant John Doe's identity. However, undersigned counsel do not wish to publicly accuse any person of these alleged acts without a high degree of confidence that the person is correctly identified. Undersigned counsel have asked the U.S. Attorney's Office if the defendant would agree to confirm the identification, but no agreement has been reached.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff is moving for limited early discovery to identify defendant John Doe. As described below, there is "good cause"

1

for the discovery: the complaint alleges serious misconduct involving the unlawful use of excessive force; the proposed discovery requests are targeted and specific; there appears to be no alternative means to seek the information; defendant John Doe cannot be served until he is identified; and defendant John Doe has no privacy interest in his actions undertaken in a public setting while working as a public employee.

## FACTS

1. *The complaint alleges Agent Doe broke the law by using a carotid restraint while arresting Carlos.*

The complete facts alleged are found in the complaint, D.E. 1. In summary, the complaint alleges that defendant Agent Doe used unlawful excessive force against Carlos while arresting him last November in Fitchburg, Massachusetts. Compl. ¶¶75-79.[1] A team of ICE agents had stopped Carlos's car, which he was driving, and in which his wife Juliana and their one-year-old daughter were passengers. *See id.* ¶¶30-31. The ICE agents were attempting to arrest Juliana. *See id.* ¶31. Juliana informed the agents that she intended to comply, but first wanted to call her attorney to confirm what was happening. *See id.* ¶40. The complaint alleges that the agents refused to allow the call and instead began making threats to arrest both Carlos and Juliana and to permanently separate them from their child. *See id.* ¶41.

Agent Doe personally broke the law. *See id.* ¶¶45-63. The ICE agents had contacted Agent Doe (who was their supervisor) during the course of the stop. *See id.* ¶45. Agent Doe travelled to the scene, and he and the other agents decided that they would, in fact, arrest both Carlos and Juliana. *See id.* ¶¶45, 47. Carlos was sitting in the driver's seat and did not present a threat to

---

[1] The allegations in the complaint are based on information presently available, and Plaintiff reserves all rights to amend the complaint as the case progresses to add to or modify the allegations, claims, and/or parties.

Agent Doe or anyone else. *See id.* ¶53. Nevertheless, while other agents restrained Carlos's arms, Agent Doe climbed into the vehicle, grabbed Carlos by the neck, and compressed Carlos's carotid arteries until Carlos lost consciousness. *See id.* ¶¶48-50. When Carlos later regained consciousness, he felt confused and disoriented. *See id.* ¶60. Agent Doe ordered him out of the vehicle, handcuffed him, placed him under arrest, and placed him in the rear of an ICE vehicle. *See id.* ¶62. Carlos asked to be evaluated by emergency medical personnel (who were on the scene in close proximity to the arrest), but Agent Doe waived them away. *See id.* ¶63. After Carlos was released from ICE custody, he went to the Emergency Room that same day, where he was treated for "having been choked around the neck." *See id.* ¶67.

Agent Doe's actions—known as a "carotid restraint"—were highly dangerous and specifically prohibited by ICE's own use of force policies. *See id.* ¶¶15-28. And Carlos was seriously harmed by Agent Doe's unlawful conduct, including suffering involuntary seizure-like movements, lasting pain, and emotional distress. *See id.* ¶¶57-58, 65-69.



*Figure 1: Agent Doe, wearing black gloves, performs the carotid restraint.*

2. *Agent Doe wore a mask and took other steps to conceal his identity while engaging in unlawful conduct.*

During his encounter with Carlos, Agent Doe took intentional steps to conceal his own identity from Carlos and the public. Agent Doe hid his face behind a blue face mask. He did not

wear a uniform. And, as far as can be determined, Agent Doe did not display a name tag or other personal identifier on his body armor or other equipment.



*Figure 2: Agent John Doe from the front.*

Plaintiff has been working diligently to investigate the agent's identity, and there is presently some information available that is suggestive of his name:

- DHS prepared a Form I-213 (essentially the equivalent of an arrest report) concerning the incident in November. The Form I-213 identifies "Acting Supervisory Detention & Deportation Officer D.J." as the agent who utilized "pressure point techniques" on Carlos, shortly before Carlos "displayed characteristics of suffering a medical condition."

- The Form I-213 form also lists the "Arresting Agents," apparently by last name, first initial, and serial number. Only one person listed has a last name beginning with "J": "D 7547 Jackson."

- The Form I-213 is signed by "Jackson, D 7547" with the rank "(A)SDDO" (presumably an acronym for "<u>A</u>cting <u>S</u>upervisory <u>D</u>etention & <u>D</u>eportation <u>O</u>fficer," which is Agent Doe's apparent rank).

- Public records obtained from the Fitchburg Police Department state that the ICE agents gave the police the ICE supervisor's phone number. Investigation of that phone number suggests it is associated with a person named David Jackson.

Accordingly, the information presently available is suggestive that Agent John Doe's last name may be Jackson, and his first name is possibly David. On January 13, undersigned counsel asked the defendant (via the U.S. Attorney's Office) to confirm that identification. There have been several follow-up communications between undersigned counsel and the USAO, but no confirmation has been received, and none appears to be forthcoming. This leaves counsel with little choice but to seek confirmation of the identity through litigation discovery under Rule 26(d)(1), as further explained below.

## **ARGUMENT**

The Court should authorize early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) to determine Agent Doe's identity. A plaintiff may pursue such discovery "by court order" for "good cause." *See* Fed. R. Civ. P. 26(d)(1); *Strike 3 Holdings, Inc. v. Doe*, 677 F. Supp. 3d 1, 4 (D. Mass. 2023). Such discovery is generally permitted in *Bivens* actions like this one where the defendant law enforcement officer is not initially identified. *See Gutiérrez v. Martinez*, No. CV L-12-18, 2012 WL 13149228, at *2 (S.D. Tex. Mar. 12, 2012); *Boss v. Unknown Parties*, No. CV-14-02344-PHX-ROS, 2015 WL 12592106, at *6 (D. Ariz. Oct. 19, 2015). Whether good cause exists to pursue early discovery can be evaluated by weighing the following five factors: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central

need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." *Strike 3 Holdings*, 677 F. Supp. 3d at 4 (internal citation omitted).

All five factors weigh in favor of granting Carlos's motion for early discovery. First, the complaint alleges that, during Carlos's arrest, Agent Doe employed force against Carlos that was objectively unreasonable based on the totality of the circumstances, and therefore was unlawful. *See* Compl. ¶¶54, 75-79; *Barnes v. Felix*, 605 U.S. 73, 79-80 (2025). There is a cause of action for such claims against federal officers under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Arias v. Herzon*, 150 F.4th 27, 32-33 (1st Cir. 2025). And the use of carotid restraints and other choking techniques has been recognized by both DHS and the courts as impermissible outside of deadly force situations, which this encounter plainly was not. *See* Compl. ¶26; *Jackson v. Tellado*, 236 F. Supp. 3d 636, 664–65 (E.D.N.Y. 2017) (holding "chokehold violated clearly established law" and collecting similar cases).

The second factor—the specificity of the request—also weighs in Plaintiff's favor. Plaintiff's proposed subpoenas are appended to this motion and are narrowly tailored to seek information that would reveal the identity of Defendant John Doe.[2] "Courts regularly find that such specificity is sufficient because that information is needed to effectuate service and continue with the case." *Strike 3 Holdings, LLC v. Doe*, No. 1:25-CV-13556-JEK, 2025 WL 3546268, at *2 (D. Mass. Dec. 11, 2025); *Strike 3 Holdings, Inc.*, 677 F. Supp. 3d at 5 (noting that requests for a defendant's name and address are "highly specific" and "reasonably likely to lead to identifying

---

[2] The subpoenas are also permissible under the relevant Touhy regulations, to the extent they may apply. *See* 6 C.F.R. § 5.41 *et seq.* (regulating subpoenas to ICE); 28 C.F.R. § 16.21 *et seq.* (regulating subpoenas to the U.S. Marshals Service). Plaintiff will separately provide the subpoena recipients with any additional information required by the Touhy regulations. Although Plaintiff does not anticipate any dispute regarding Touhy compliance, any such disputes that might arise can be addressed in this litigation. *Doan v. Bergeron*, No. 15-CV-11725-IT, 2016 WL 5346936, at *1 (D. Mass. Sept. 23, 2016).

information" that would make service possible) (internal citations omitted).  And, of course, the material requested is all material that will be discoverable in later stages of the case, and so imposes no additional burden on the recipients of the subpoena.

Third, Plaintiff does not have alternative means to identify the defendant. As described above, Agent Doe took affirmative steps to conceal his identity during the encounter.[3]  Plaintiff has diligently investigated the agent's identity based on available records, which are suggestive of his identity.  Plaintiff has requested that the defendant confirm that identity, but has received no such confirmation.  Plaintiff is sensitive to the need to avoid naming the wrong individual, especially given the significant attention the incident has received from the media and the public.  Additionally, Plaintiff's counsel cannot be faulted for wanting to be sure of pleading the correct identity, given that President Trump has ordered the Department of Justice to pursue Rule 11 and ethical sanctions against civil rights attorneys.  *See* Presidential Memoranda, *Preventing Abuses of the Legal System and the Federal Court* (Mar. 22, 2025), https://www.whitehouse.gov/presidential-actions/2025/03/preventing-abuses-of-the-legal-system-and-the-federal-court/.

Fourth, there is a central need for the subpoenaed information to advance Plaintiff's claim. The discovery is targeted at identifying the John Doe defendant, the only defendant in this case. This information is central to advancing the claim because "[w]ithout names and addresses, the plaintiffs cannot serve process, and the litigation can never progress." *London-Sire Recs., Inc. v.*

---

[3] Federal agents' use of face coverings and other methods to conceal their identities has been a regular feature of recent immigration enforcement actions across the country.  These measures interfere with the ability of plaintiffs and courts alike to identify agents who commit unlawful acts and to hold them accountable. *See, e.g.*, Allie Preston, *Masked and Unidentifiable: The Risks of Federal Law Enforcement Operating Without Identification,* CENTER FOR AMERICAN PROGRESS (Aug. 28, 2025), https://www.americanprogress.org/article/masked-and-unidentifiable-the-risks-of-federal-law-enforcement-operating-without-identification/.

*Doe 1*, 542 F. Supp. 2d 153, 179 (D. Mass. 2008); *see Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) ("In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, the only potential avenue for discovery is a court order under Rule 26(d)(1).").

Finally, Agent Doe's official actions as a federal employee, taken in public, are not private and should not be shielded from accountability where he is alleged to have transgressed the law. Indeed, holding federal officials publicly accountable is a profoundly important interest, especially where, like here, the agent acts in the name of the United States and therefore possesses a "far greater capacity for harm." *See Bivens*, 403 U.S. at 392; *see also Bryant v. Cnty. of Los Angeles*, No. CV 20-9582-JFW, 2021 WL 936174, at *1 (C.D. Cal. Mar. 8, 2021) (rejecting motion to seal portions of a complaint naming defendant law enforcement officers accused of misconduct).

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's motion for early discovery pursuant to Federal Rule of Civil Procedure 26(d).

Respectfully submitted,

*/s/ Daniel L. McFadden*
Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO # 676612)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org

Ingrid S. Martin (BBO #653632)
Joseph M. Cacace (BBO #672298)

>Todd & Weld, LLP
>One Federal Street
>Boston, Massachusetts 02110
>Tel.: (617) 720-2626
>imartin@toddweld.com
>jcacace@toddweld.com
>
>*Counsel for Plaintiff*

Dated: January 23, 2026

### Local Rule 7.1 Certification

I, Daniel L. McFadden, hereby certify that I conferred with the U.S. Attorney's Office, who I believe likely represents the defendant, by electronic mail in a good faith effort to narrow or resolve the relief requested by this motion. The U.S. Attorney's office indicated in response that an AUSA had not yet been assigned to the matter.

Dated: January 23, 2026                     */s/ Daniel L. McFadden*
                                            Daniel L. McFadden

### Certificate of Service

I, Daniel L. McFadden, hereby certify that I will serve the U.S. Attorney's Office, who I believe likely represents the defendant, with this motion and attached materials by electronic mail on January 23, 2026.

Dated: January 23, 2026                     */s/ Daniel L. McFadden*
                                            Daniel L. McFadden