**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARLOS SEBASTIAN ZAPATA RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25-cv-13850-MRG |
| | ) |
| UNKNOWN FEDERAL AGENT JOHN DOE | ) **FILED UNDER SEAL** |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S**
**MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the United States of America respectfully submits this motion for a protective order to protect the identity of the individual identified in Plaintiff's Complaint as "Unknown Federal Agent John Doe" ("Defendant" or "Defendant Doe"). There is good cause to grant this motion for a protective order as revealing Defendant Doe's identity will seriously endanger Defendant and his family, and would subject Defendant to unwarranted public scrutiny and media attention in derogation of his right to privacy.

**BACKGROUND**

This case arises out of an interaction between Plaintiff Carlos Sebastian Zapata Rivera ("Plaintiff") and Defendant during an immigration arrest of Plaintiff's wife in Fitchburg, Massachusetts on November 6, 2025 (the "Incident"). Plaintiff filed a complaint against Defendant on December 12, 2025, alleging Defendant violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution. Dkt. No. 1. Plaintiff identified Defendant as "Unknown Federal Agent John Doe" in his Complaint as Plaintiff did not know Defendant's name at the

time of filing.  Dkt. No. 1.[1]  Plaintiff sought leave from this Court to conduct early discovery for the limited purpose of identifying Defendant, and this Court granted Plaintiff's motion.  Dkt. Nos. 8 & 9.[2]  Thereafter, Plaintiff served subpoenas on the Department of Homeland Security ("DHS"), the Department housing U.S. Immigrations and Customs Enforcement ("ICE"), the agency that employes Defendant, and an individual Plaintiff believes to be Defendant.[3]

## ARGUMENT

Federal Rule of Civil Procedure 26(c) governs protective orders. That rule allows courts, for good cause, to grant protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P 26(c).  There are several different methods by which courts may protect information, including forbidding disclosure or

---

[1]  The United States recognizes that this Motion is unusual as the United States is not a party to this lawsuit.  Pursuant to 28 C.F.R. § 50.15(a), the Department of Justice ("DOJ") may represent a federal employee sued individually.  The employee must request DOJ representation pursuant to the process set forth in DOJ regulations.  *Id.*  Once DOJ has received a request for individual representation, DOJ assesses the request pursuant to a two-part test set forth at 28 C.F.R. § 50.15(a).  Defendant Doe has requested DOJ represent him in this case.  DOJ is currently assessing Defendant Doe's request and has not yet determined whether to provide representation. Given that DOJ is still reviewing Defendant Doe's request for representation, good cause exists for the United States to file this motion as a non-party to this litigation.

[2] In Plaintiff's Motion for Leave to Conduct Early Discovery, Plaintiff described the investigation Plaintiff's counsel undertook to identify Defendant, and provides the name of the individual Plaintiff believes to be Defendant.  Dkt. No. 8.  Plaintiff included as exhibits draft subpoenas to DHS, the U.S. Marshal's Service ("USMS"), and the individual Plaintiff believes to be Defendant.  This information in Plaintiff's motion and exhibits thereto is sufficient to identify Defendant Doe, but the risk of harm due to this disclosure can be mitigated by this Court's granting of the United States' proposed protective order, including the requirement that Plaintiff's Motion for Leave to Conduct Early Discovery be removed from the public docket and replaced with a redacted version.

[3] Plaintiff's counsel represented to undersigned counsel that they served the USMS with a subpoena seeking documents.  However, as of the date of this filing, undersigned counsel has been unable to confirm USMS's receipt of service.

discovery or material protected by a protective order. *Id.* Good causes exists for this Court to grant a protective order protecting Defendant's identity. Defendant has credible reason to fear for his and his family's safety, and Defendant believes he will be the target of unwarranted public scrutiny and media attention in derogation of his right to privacy. For these reasons, a protective order is appropriate.

1. **Publicly revealing Defendant Doe's identity will seriously endanger him and his family.**

Defendant Doe has already received threats of harm against him and his family as a result of the Incident. A report of the Incident details a threat made to Defendant by an individual present at the Incident. This threat illustrates the very real danger Defendant could be in if his identity is made public. Specifically, the I-213 Report of Deportable/Inadmissible Alien for Plaintiff's wife details the Incident, including a statement made to Defendant by an individual at the scene. The individual said the following to Defendant:

> [Y]ou are a bad man, take off your mask, I bet you are ugly under there and you probably support Israel too...you look like a Jew... I bet you are a fucking Jew...I hate you...I'm going to remember those eyes...***I'm going to find you; I'm going to find you and...I'm going to come for you...I know you probably have kids...we're going to kill you and your kids***[.]

I-213 Report of Deportable/Inadmissible Alien (emphasis added).[4]  Defendant does have a family, and has serious concerns for their, and his own, safety as a result of these threats.  This was not the only threat made by this individual to agents at the Incident.  After Defendant told another agent about the threats against him, Defendant learned that the individual threatened to "shoot all of us", referring to the agents on scene at the Incident. *Id.*

Concerns for safety are even more acute considering the incredible increase in the number of assaults on, and death threats received by, law enforcement officers.  DHS recently released statistics showing that law enforcement officers are now facing an 8,000% increase in death threats against them, and a 1,300% increase in assaults.  *See* ICE Officers Face an 8,000% Increase in Death Threats Against Them and Their Families, Department of Homeland Security (Jan. 26, 2026), https://www.dhs.gov/news/2026/01/26/ice-officers-face-8000-increase-death-threats-against-them-and-their-families.  Unfortunately, these statistics illustrate that Defendant is not alone in his fear, and underpin Defendant's concern that an assault on him or a member of his family is a realistic possibility if his identity is made public.

Other courts, including in this District, have granted motions seeking protective orders in similar circumstances.  *Bissereth* involved similar facts.  In that case, the United States sought a protective order allowing the use of pseudonyms to identify ICE agents prior to DOJ determining whether the agents qualified for DOJ representation in the proceeding. Judge Burroughs granted a protective order to allow the use of pseudonyms.  *See Bissereth v. United States*, No. 21-CV-11068-ADB, Dkt, nos. 26 & 28; 2023 WL 4373888, at *1 (D. Mass. July 6, 2023); *see also In re*

---

[4] Undersigned counsel will make a copy of this Report available to the Court upon request.

4

*Guantanamo Bay Detainee Litigation,* 787 F. Supp. 2d. 5, 15-17 (D.D.C. 2011) (grating the government's request to protect the names and identifying information of federal officers given risk to officer safety).

Issuance of the requested protective order will minimize the risk of harm to Defendant and his family while still allowing this litigation to proceed in an orderly fashion.

**2.    Publicly disclosing Defendant's identity will also subject him to unwarranted public scrutiny and media attention, in derogation of his right to privacy.**

Federal law enforcement agents, including ICE agents, have increasingly become the subject of media attention and doxing, causing them to undergo harassment, threats, violence, and invasions of privacy.  Defendant's concern is well founded, as many agents across the country have been doxed, cyberstalked, and threatened in recent months.  *See e.g.,* Anti-ICE Antifa Member Arrested on Federal Charges of Cyberstalking and Threatening Communications After Allegedly Calling for the Murder And Assault of Federal Immigration Officers in Minneapolis, U.S. Attorney's Office District of Minnesota, https://www.justice.gov/opa/pr/anti-ice-antifa-member-arrested-federal-charges-cyberstalking-and-threatening-communications (Feb. 5, 2026) (describing the individual as urging others to "hunt" ICE, and describing his goal to "unmask and identify [ICE] agents", also stating in videos "This is where ICE has come to die", "if it has to be done at the barrel of a gun, then let us have a little f------ fun", "Get your f------ guns and stop these f------ people"; the complaint also alleged that the individual posted on his Instagram account an ICE agent's phone number, birth month and year, and address); Federal Grand Jury Charges Three Women with Following ICE Agent Home from Work and

Livestreaming his Home Address on Instagram, U.S. Attorney's Office Central District of California (Sept. 26, 2025), https://www.justice.gov/usao-cdca/pr/federal-grand-jury-charges-three-women-following-ice-agent-home-work-and-livestreaming  (stating that "[t]he defendants publicly disclosed on Instagram the victim's home address and told viewers, 'Come on down.'").

Defendant Doe has already been subject to a doxing campaign.  Defendant Doe located a poster published publicly online containing his photo and identifying his hometown.[5]  These posters underscore the risk of  harm, threats, and harassment facing Defendant Doe if his identity is revealed to the public.



---

[5] Undersigned counsel has partially redacted Defendant's photo for the protection of Defendant. Undersigned counsel will make an unredacted copy of this motion available to the Court upon request.

The potential intrusion of Defendant's privacy, and the likely harassment and distraction that could result, is further reason to enter a protective order in this case. *See Doe No. 1 v. United States,* 146 Fed.Cl. 690 (2020) (granting plaintiff FBI agents' request for a protective order to proceed anonymously in litigation due, in part, to the agents' fear of physical harm to themselves and their families); *Commonwealth v. Puerto Rico,* 490 F.3d 50, 68-69 (1st Cir. 2007) (finding that government employees and officials have a privacy interest in dissemination of their names); *Lesar v. U.S. Dep't of Justice,* 636 F.2d 472, 487 (D.C. Cir. 1980) ("As several courts have recognized, [FBI] agents have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives.").

For these reasons, the United States respectfully requests the Court to enter the proposed Protective Order attached hereto as Exhibit 2.

Date: February 17, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:

*/s/ Olivia Benjamin*
Olivia Benjamin
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Olivia.Benjamin@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

      I, Olivia Benjamin, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: February 17, 2026        By:    */s/ Olivia Benjamin*
                           Olivia Benjamin
                           Assistant United States Attorney