**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CARLOS SEBASTIAN ZAPATA RIVERA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 25-cv-13850-MRG |
| UNKNOWN FEDERAL AGENT JOHN DOE | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**UNITED STATES' *NUNC PRO TUNC* MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(1), the United States of America respectfully submits

this motion for a protective order to protect the material produced by the Department of

Homeland Security ("DHS") on March 3, 2026, in response to a Rule 42 subpoena dated

February 2, 2026.  There is good cause to grant this motion for a protective order as the material

DHS produced to plaintiff includes information revealing the identity of Unknown Federal Agent

John Doe[1] ("Defendant"), which will seriously endanger Defendant and his family, and would

subject Defendant to unwarranted public scrutiny and media attention.

**BACKGROUND**

Plaintiff filed a complaint against Defendant on December 12, 2025, alleging Defendant

violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.  Dkt. No. 1.

Plaintiff identified Defendant as "Unknown Federal Agent John Doe" in his Complaint as

---

[1] Defendant's name and identifying information are not included in this filing for the protection
of Defendant.  Undersigned counsel will file a sealed copy of this motion and memorandum,
including Defendant's name and identifying information, with the Court upon request.

Plaintiff did not know Defendant's name at the time of filing.  Dkt. No. 1.  Plaintiff sought leave from this Court to conduct early discovery for the limited purpose of identifying Defendant, and this Court granted Plaintiff's motion.  Dkt. Nos. 8 & 9.  Thereafter, Plaintiff served subpoenas on DHS, the U.S. Marshals Service, and an individual Plaintiff believed to be Defendant.  Counsel for Plaintiff and undersigned counsel subsequently narrowed the scope of Plaintiff's subpoena on DHS, and Plaintiff agreed to withdraw the subpoenas served on USMS and the individual.

On February 17, 2026, the United States filed a motion seeking a protective order to allow Defendant Doe to proceed under a pseudonym due to fear for his safety and that of his family, and concerns of unwarranted media scrutiny.  Dkt. No. 11.  On March 3, 2026, while that motion was pending and in a good faith attempt to advance this litigation, DHS produced to Plaintiff materials responsive to the narrowed subpoena.  These materials include documents revealing Defendant's identity.

On March 5, 2026, this Court denied the United State's motion for protective order in part on the basis that the United States is not a party to this litigation.  Dkt. No. 13.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) governs protective orders. That rule allows courts, for good cause, to grant protective orders to protect a party, or any person from whom discovery is sought, from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P 26(c).  There are several different methods by which courts may protect information, including forbidding disclosure of material protected by a protective order.  *Id.*

2

Good causes exists for this Court to grant a protective order prohibiting the disclosure of the material DHS produced to Plaintiff on March 3, 2026.  The material discloses Defendant's identity, and, as set forth in the United States' previously filed Motion for Protective Order, Dkt. No. 11, and the declaration attached as Exhibit 1, Defendant has credible reason to fear for his safety and that of his family, and Defendant believes he will be the target of unwarranted public scrutiny and media attention in derogation of his right to privacy.[2]

The instant motion is distinct from the United States' previously filed Motion for Protective Order, Dkt. No. 13.  It is proper pursuant to Federal Rule of Civil Procedure 26(c) for a non-party to a litigation to seek a protective order over materials produced pursuant to discovery.  *See* Federal Rule of Civil Procedure 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]").  The instant motion is unquestionably proper as it relates to the records DHS produced in response to Plaintiff's subpoena in early discovery, at which time the United States' previously filed motion for protective order was pending before the Court.  Dkt. No. 1.

Additionally, as of the date of this filing, Defendant is not represented by counsel.  Undersigned counsel understands that Defendant Doe has submitted a request to the Department of Justice ("DOJ") seeking representation pursuant to the *Bivens* process.  A DOJ representative has informed undersigned counsel that DOJ is currently reviewing that request but has not yet made a determination on representation.  Given this Court's order stating that Defendant may file

---

[2] Information identifying Defendant, and any other federal agents, has been redacted from the Declaration (Exhibit 1), for the protection of Defendant and the other federal agents. Undersigned counsel will file a sealed version of the Declaration, including identifying information of Defendant and other federal agents, upon request by the Court.

a motion on his own seeking to proceed by pseudonym, and that Defendant is not yet in a position to do so because his representation has not yet been determined, a protective order over DHS's materials identifying Defendant is appropriate and warranted.

For these reasons, the United States respectfully requests the Court enter the proposed Protective Order attached hereto as Exhibit 2.

Date: April 1, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   */s/ Olivia Benjamin*
Olivia Benjamin
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Olivia.Benjamin@usdoj.gov

## CERTIFICATE OF SERVICE

I, Olivia Benjamin, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: April 1, 2026       By:   */s/ Olivia Benjamin*
Olivia Benjamin
Assistant United States Attorney

4