**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| CARLOS SEBASTIAN ZAPATA RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID JACKSON, Acting Supervisory Detention and Deportation Officer, U.S. Immigration and Customs Enforcement, <br><br> Defendant. | C.A. No. 25-13850-MRG |

**PLAINTIFF'S SECOND MOTION**
**FOR EXTENSION OF TIME TO SERVE DEFENDANT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff Carlos Sebastian Zapata Rivera moves this Court for an additional 30-day extension of time to serve Defendant David Jackson. As grounds, Plaintiff states:

1.      Under Rule 4(m), a plaintiff must ordinarily complete service within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).  A court may extend time for service where good cause is shown.  *Id.*  Good cause is found in various circumstances, for example: when the service delay is the result of a third person, when the defendant has evaded service of process or engaged in misleading conduct, when the plaintiff has acted diligently, and/or when there are other mitigating circumstances. *See, e.g.*, *Bobola v. F/V Expectation*, 204 F. Supp. 3d 382, 388 (D. Mass. 2016). Even absent good cause, a court may exercise its discretion and extend the time for service.  *See Aly v. Mohegan Council-Boy Scouts of Am.*, C.A. No. 08-40099, 2009 WL 3299951, at *3 (D. Mass. Apr. 20, 2009).

2.      Here, Plaintiff filed the original Complaint (D.E. 1) on December 15, 2026.

3.      Because the defendant agent took steps to conceal his identity during the relevant encounter (*e.g.*, by wearing a mask), the Complaint named him as Unknown Federal Agent John Doe. *See* Compl. (D.E. 1) ¶5.

4.      Consequently, for purposes of service, it was necessary for Plaintiff to identify Agent Doe, amend the complaint to name him, and then serve the Amended Complaint upon him.

5.      Plaintiff undertook a diligent investigation and developed information suggestive of Agent Doe's identity. *See* Mot. for Early Disc. (D.E. 8) at 4-5. On January 13, Plaintiff requested that the U.S. Attorney's office confirm the identification, which the government declined to do. *See id.* Accordingly, Plaintiff promptly moved to take limited early discovery to identify Agent Doe on January 23. *See id.*

6.      The Court allowed the motion for early discovery on January 30. *See* Jan. 30, 2026 Elec. Order (D.E. 9).

7.      Plaintiff promptly served the Court-authorized subpoenas on two government agencies and one individual. The government produced information sufficient to identify Agent Doe to Plaintiff on March 3, 2026.

8.      In the meantime, however, the United States actively sought judicial rulings from this Court to prevent Agent Doe from being named publicly in any amended complaint.

9.      On February 17, the United States moved for an order to require that Agent Doe be referred to by pseudonym for the remainder of the case. *See* Mot. for Prot. Order (D.E. 11). Plaintiff opposed that motion, and the Court denied it on March 5. *See* Mar. 5, 2026 Elec. Order (D.E. 13).

10.    The next day, on March 6, the United States informed Plaintiff that it would be filing a new motion for a protective order *nunc pro tunc* to prevent public disclosure of the identifying information produced by the government on March 3.

11.    To allow time for the orderly adjudication of the United States's forthcoming motion, Plaintiff moved on March 11 to extend the time for service by 30 days until April 14.  The Court allowed that motion on March 12.  *See* Mar. 12, 2026 Elec. Order (D.E. 15).

12.    About three weeks later, on April 1, the government filed its motion.  Plaintiff opposed that motion on April 6, and the Court denied it on April 8.  *See* Apr. 8, 2026 Elec. Order (D.E. 20).    In that Order, the Court ruled, "Defendant Agent Doe may not proceed by pseudonym. . . ."  *Id.*

13.    Because the United States did not file its second anonymity motion until April 1, Plaintiff had less than one week to file an Amended Complaint, obtain a new summons, and complete service.

14.    Plaintiff filed the Amended Complaint naming Agent Doe on the afternoon of April 10. Counsel understand that the Court's staff will likely be able issue the new summons naming Defendant David Jackson at some point today.

15.    Plaintiff is expediting service to the greatest extent possible, but may not be able to complete service by the deadline of tomorrow, April 14.

16.    Plaintiff has acted at all times with reasonable diligence in attempting to expedite identification of the Defendant and service of an amended complaint, while simultaneously ensuring the Defendant and the United States had a fair chance seek judicial resolution of any concerns regarding public identification of the Defendant.

17.    Accordingly, Plaintiff respectfully requests that the time to complete service be extended a further 30 days, until May 14, 2026.

18.    Defendant David Jackson has not yet been served, and neither he nor any counsel representing him have appeared in this lawsuit.  Undersigned counsel has not ascertained his position on this motion and is not sure how that could be accomplished in the circumstances.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an order further extending the time to complete service by 30 days, until May 14, 2026.

Respectfully submitted,

*/s/ Daniel L. McFadden*
Jessie J. Rossman (BBO # 670685)
Daniel L. McFadden (BBO # 676612)
Ingrid Sydenstricker (BBO # 718298)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
dmcfadden@aclum.org
isydenstricker@aclum.org

Ingrid S. Martin (BBO #653632)
Joseph M. Cacace (BBO #672298)
Todd & Weld, LLP
One Federal Street
Boston, Massachusetts 02110
Tel.: (617) 720-2626
imartin@toddweld.com
jcacace@toddweld.com

*Counsel for Plaintiff*

Dated: April 13, 2026

## Local Rule 7.1 Certification

I, Daniel L. McFadden, hereby certify that Defendant Jackson has not yet been served, and neither he nor any counsel acting on his behalf have appeared in this lawsuit.  Consequently, Plaintiff has not conferred with Defendant regarding this motion.

Dated: April 13, 2026                                    */s/ Daniel L. McFadden*
                                                          Daniel L. McFadden

## Certificate of Service

I, Daniel L. McFadden, certify that this motion will be served on all registered participants through the Court's CM/ECF system.

Dated: April 13, 2026                                    */s/ Daniel L. McFadden*
                                                          Daniel L. McFadden